**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

————————————

**No. 22-4599**

————————————

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

JESUS JAAZIEL ZAMORA RAMOS, a/k/a Jaazier Zamore, a/k/a Jazier Zamore, a/k/a Jaaziel Jesus Zamora, a/k/a Jesus Jaaziel Zamora, a/k/a Jesus Zamora, a/k/a John Doe, a/k/a Jaaziel Zamora,

Defendant - Appellant.

————————————

**No. 22-4615**

————————————

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

JESUS JAAZIEL ZAMORA RAMOS, a/k/a Jaazier Zamora, a/k/a Jesus Jaaziel Zamora, a/k/a Jazier Zamore,

Defendant - Appellant.

————————————

Appeals from the United States District Court for the Eastern District of Virginia, at Alexandria.  T. S. Ellis, III, Senior District Judge.  (1:19-cr-00346-TSE-1; 1:22-cr-00143-TSE-1)

————————————

Submitted:  May 23, 2023                                    Decided:  May 25, 2023

---

Before AGEE, WYNN, and QUATTLEBAUM, Circuit Judges.

---

No. 22-4599, affirmed; No. 22-4615, affirmed in part, vacated in part, and remanded by unpublished per curiam opinion.

---

**ON BRIEF:** Geremy C. Kamens, Federal Public Defender, Frances H. Pratt, Assistant Federal Public Defender, Ann Mason Rigby, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Alexandria, Virginia, for Appellant. Jacqueline Romy Bechara, OFFICE OF THE UNITED STATES ATTORNEY, Alexandria, Virginia, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Jesus Jaaziel Zamora Ramos ("Zamora") appeals his conviction and 16-month sentence following his guilty plea to illegal reentry after removal subsequent to a felony conviction, in violation of 8 U.S.C. § 1326(a), (b)(1). He also appeals the revocation of his supervised release, for which the district court imposed a consecutive 5-month prison term. On appeal, Zamora's counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), stating that there are no meritorious grounds for appeal but questioning the validity of Zamora's guilty plea. Though notified of his right to do so, Zamora has not filed a pro se supplemental brief.

Before accepting a guilty plea, the district court must conduct a colloquy in which it informs the defendant of, and determines that he understands, the nature of the charges to which he is pleading guilty, any mandatory minimum penalty, the maximum penalty he faces, and the rights he is relinquishing by pleading guilty. Fed. R. Crim. P. 11(b)(1); *United States v. DeFusco*, 949 F.2d 114, 116 (4th Cir. 1991). The court also must ensure that the defendant's plea is voluntary and supported by an independent factual basis. Fed. R. Crim. P. 11(b)(2), (3). Because Zamora did not preserve any error in the plea proceedings, we review the adequacy of the plea colloquy for plain error. *United States v. Vonn*, 535 U.S. 55, 58-59 (2002); *see Henderson v. United States*, 568 U.S. 266, 272 (2013) (describing standard).

Based on our review of the Rule 11 hearing, we conclude that Zamora's plea was knowing, voluntary, and supported by an independent basis in fact. Although, as *Anders* counsel notes, the district court neglected to advise Zamora of some of his trial rights, we

3

discern nothing in the record suggesting that, but for these minor omissions, Zamora would not have pleaded guilty. *See United States v. Aplicano-Oyuela*, 792 F.3d 416, 427 (4th Cir. 2015). Therefore, we affirm Zamora's conviction.

However, we vacate Zamora's original sentence because the written judgment contains two special conditions of supervised release—requiring Zamora to surrender to immigration officials upon release from prison and to cooperate with all removal procedures—that were not announced at sentencing.[*] *United States v. Singletary*, 984 F.3d 341, 345 (4th Cir. 2021) ("[I]n order to sentence a defendant to a non-mandatory condition of supervised release, the sentencing court must include that condition in its oral pronouncement of a defendant's sentence in open court."); *accord United States v. Rogers*, 961 F.3d 291, 296 (4th Cir. 2020). Finally, we affirm Zamora's revocation judgment.

In accordance with *Anders*, we have reviewed the entire record in this case and have found no other meritorious grounds for appeal. We therefore affirm Zamora's conviction and revocation judgment but vacate his original sentence and remand for resentencing. This court requires that counsel inform Zamora, in writing, of the right to petition the Supreme Court of the United States for further review. If Zamora requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may

---

[*] On remand, the district court might consider whether supervised release is even warranted. *See* U.S. Sentencing Guidelines Manual § 5D1.1.(c) (2018) ("The court ordinarily should not impose a term of supervised release in a case in which supervised release is not required by statute and the defendant is a deportable alien who likely will be deported after imprisonment."); *see Aplicano-Oyuela*, 792 F.3d at 423-25 (discussing USSG § 5D1.1.(c)).

move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Zamora.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

No. 22-4599, *AFFIRMED;*
No. 22-4615, *AFFIRMED IN PART,*
*VACATED IN PART,*
*AND REMANDED*